UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00119-MR

| | |
|---|---|
| DUSTIN GENE SCOTT, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ALAN NORMAN, ) <br> ) <br> Respondent. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Petitioner's Pro Se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, [Doc. 1], Petitioner's Motion to Proceed in Forma Pauperis, [Doc. 3]; and Petitioner's "Addendum to Habeas Corpus; Clarification of Division, Motion for Leave to Addendum/Amend Habeas Petitioner," [Doc. 4], which the Court construes as a motion to amend.

**I.    BACKGROUND**

On April 28, 2023, Pro Se Petitioner Dustin Gene Scott ("Petitioner"), a pretrial detainee currently detained at the Cleveland County Detention Center in Shelby, North Carolina, filed the instant pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. [Doc. 1]. He seeks to proceed in forma pauperis. [Doc. 3]. Petitioner challenges pending charges and various

aspects of related criminal proceedings in Lincoln County, North Carolina.[1] [See Doc. 1 at 2, 6-7, 9].

Petitioner admits that he did not appeal the decisions or actions he challenges. [Id. at 2]. Plaintiff, however, also alleges that he filed a "second appeal" with the "Lincoln County Courthouse" on three occasions in June 2022, raising "illegal search, seizure, lawyer misconduct, and other mandatory statutes," and that, on October 4, 2022, the Clerk stated on the record in front of Judge Forrest Bridges that "we can't find his file" and the matter was "continued to December 6th where Judge Pomeroy stated he wouldn't hear [Plaintiff's] case because [Plaintiff] was pro se." [Id. at 3].

The Court will first address Petitioner's motion to proceed in forma pauperis.

## II.  IN FORMA PAUPERIS MOTION

Petitioner's affidavit shows that Petitioner has had an average monthly income of $0.00 during the past twelve months and that he expects to receive no income next month.[2]  [Doc. 3 at 1-2]. Petitioner reports having no cash,

---

[1] In his IFP motion, Plaintiff alleges that he is being housed in Cleveland County because of his pending civil rights Complaint with this Court involving events at the Harven A. Crouse Detention Center (the "Jail") in Lincoln County. [Doc. 3 at 5; see Civil Case No. 5:22-cv-00099-MR].

[2] Plaintiff reports $320.00 in income for the last twelve months, explaining that "last August, 2022 had another inmate use [his] account for canteen." [Doc. 3 at 2]. It appears, therefore, that this should have been reported as an expense rather than as income.

2

Case 1:23-cv-00119-MR   Document 5   Filed 05/22/23   Page 2 of 5

no money in any bank account, no other assets, and that no one relies on him for support. [Id. at 2-3]. Petitioner reports that he has no monthly expenses. [Id. at 4-5]. Petitioner states that he cannot pay the cost of these proceedings because he has no family that is able to help. [Id. at 5]. The Court is satisfied that Petitioner is without sufficient funds to pay the filing fee in this matter. The Court, therefore, will grant Petitioner's motion to proceed in forma pauperis for the limited purpose of the Court's initial review.

**III. STANDARD OF REVIEW**

Rule 4 of the Rules Governing Section 2254 Proceedings provides that courts are to promptly examine habeas petitions to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the habeas petition can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**IV. DISCUSSION**

A federal habeas petitioner who is "in custody pursuant to the judgment of a State court," may seek relief pursuant to Title 28, Section 2254(a). A pretrial detainee, however, is not "in custody" pursuant to a state court judgment. Relief under § 2254, therefore is not available. See Dickerson v.

no money in any bank account, no other assets, and that no one relies on him for support. [Id. at 2-3]. Petitioner reports that he has no monthly expenses. [Id. at 4-5]. Petitioner states that he cannot pay the cost of these proceedings because he has no family that is able to help. [Id. at 5]. The Court is satisfied that Petitioner is without sufficient funds to pay the filing fee in this matter. The Court, therefore, will grant Petitioner's motion to proceed in forma pauperis for the limited purpose of the Court's initial review.

**III. STANDARD OF REVIEW**

Rule 4 of the Rules Governing Section 2254 Proceedings provides that courts are to promptly examine habeas petitions to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the habeas petition can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**IV. DISCUSSION**

A federal habeas petitioner who is "in custody pursuant to the judgment of a State court," may seek relief pursuant to Title 28, Section 2254(a). A pretrial detainee, however, is not "in custody" pursuant to a state court judgment. Relief under § 2254, therefore is not available. See Dickerson v.

Louisiana, 816 F.2d 220 (5th Cir. 1987). A pretrial detainee's exclusive federal remedy for alleged unconstitutional confinement is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), but only after fully exhausting the available state remedies. See 28 U.S.C. § 2241(c)(3); Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004). Although § 2241 contains no express reference to exhaustion of state remedies, as does § 2254, exhaustion is required prior to filing a § 2241 petition. See e.g., Braden v. 30th Jud. Cir., 410 U.S. 484, 490-91 (1973); Moore v. DeYoung, 515 F.2d 437, 442-43 (3d Cir. 1975). To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state courts such that the courts have the fair "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270, 275-77 (1971); see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (in order to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Here, Petitioner claims only that he lodged some sort of challenge to "illegal search, seizure, lawyer misconduct, and other mandatory statutes" in June 2022, presumably in the District or Superior Court of Lincoln County, North Carolina. Petitioner, therefore, has not alleged having engaged one

complete round of North Carolina's established appellate review process. As such, Petitioner failed to exhaust his state remedies before filing this action. Because Petitioner failed to exhaust his state court remedies, this petition is not properly before the Court. The Court will, therefore, will dismiss Petitioner's motion to amend as moot and dismiss the petition without prejudice.

## V. CONCLUSION

For the reasons stated herein, Petitioner's § 2241 petition is denied and dismissed without prejudice.

### ORDER

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus under § 2241 [Doc. 1] is **DENIED** and **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Proceed in Forma Pauperis [Doc. 3] is **GRANTED** in accordance with the terms of this Order and Petitioner's Motion to Amend [Doc. 4] is **DENIED**.

The Clerk is directed to terminate this action.

**IT IS SO ORDERED**.

Signed: May 22, 2023

Martin Reidinger
Chief United States District Judge